Lenard E. Schwartzer, Esq., NV Bar No. 0399
Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:       (702) 228-7590
Facsimile:        (702) 892-0122
E-Mail:             bkfilings@s-mlaw.com

*Proposed Attorneys for Yvette Weinstein, Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CHRISLIN LEHUA MILEY<br><br>fka Chrislin L. Wohlhart,<br><br>Debtor. | Case No. BK-S-11-20570-MKN<br>Chapter 7<br><br>**APPLICATION TO EMPLOY LEGACY ASSET RECOVERY AND TO PAY CONTINGENCY FEE FROM ASSET RECOVERED**<br><br>Hearing Date:  August 20, 2015<br>Hearing Time:  11:00 a.m. |

YVETTE WEINSTEIN, Chapter 7 Trustee (the "Trustee"), by and through her proposed counsel, Schwartzer & McPherson Law Firm, respectfully requests authorization to employ the asset recovery specialist firm of LEGACY ASSET RECOVERY, LLC, on a 25% contingency fee basis to recover unclaimed funds held by Clark County which appear to be property of this bankruptcy estate, and authorization to pay LEGACY ASSET RECOVERY, LLC, a contingency fee of 25% of the gross value of any assets recovered, plus reimbursement of reasonable costs associated with the retrieval of the funds, from the recovered funds.

This Application is brought pursuant to 11 U.S.C. §327(a), the Points and Authorities set forth herein, the supporting *Declaration of Stephen B. Sokolow* (the "Sokolow Declaration"), and the supporting *Declaration of Yvette Weinstein* (the "Weinstein Declaration") filed concurrently with this Application.

## BACKGROUND FACTS

1. Debtor Chrislin Lehua Mailey f/k/a/ Chrislin L. Wolhart (the "Debtor") filed a petition pursuant to Chapter 7 of the Bankruptcy Code on July 1, 2011 (the "Petition Date"). The Trustee duly qualified and was appointed as the Chapter 7 panel trustee to administer the Debtor's bankruptcy estate.

2. On October 31, 2011, a Final Decree was entered and this bankruptcy case was closed as a no-asset case [Dkt. #24].

3. The Trustee has been contacted Stephen B. Sokolow of LEGACY ASSET RECOVERY ("LAR"), located at 2320 South Twykenham Dr., South Bend, Indiana 46614, with information regarding unclaimed funds which appear to be property of this bankruptcy estate and, if recovered, may result in a meaningful distribution to creditors. The funds are being held by Clark County and appear to be valued at approximately $25,439.01 ("Surplus Funds").

4. On or about June 22, 2015, the Office of the United States Trustee filed an ex parte motion to reopen this case pursuant to 11 U.S.C. §350(b) [Dkt. #27] and on June 29, 2015, this Court entered an order formally reopening this case [Dkt. #28]. On June 29, 2015, the Trustee was reappointed to administer this reopened bankruptcy estate [Dkt. #29].

5. The Trustee desires to employ LAR to recover the Surplus Funds pursuant to LAR's standard agreement, a copy of which is attached hereto and marked as **Exhibit "1."** As set forth in the agreement, LAR has offered to do the work required to identify and recover this asset in exchange for a contingency fee of 25% of the gross value of the funds recovered through its investigative and collection efforts, plus any reasonable costs associated with the retrieval of the funds (the "Collection Fee"). There will be no liability to the estate for any cost or fee unless funds are actually recovered.

6. The Trustee believes that the Collection Fee is reasonable under the circumstances because without the effort undertaken by LAR to locate the Surplus Funds the bankruptcy estate would not have recovered the property.

/ / /

/ / /

## DISINTERESTEDNESS AND COMPENSATION

7. Based on the supporting *Declaration of Stephen B. Sokolow* of LAR filed concurrently with this Application, the Trustee is informed and believes that LAR and its employees are disinterested persons within the meaning of 11 U.S.C. §101 and that it is appropriate and in the best interest of the estate to employ LAR pursuant to 11 U.S.C. §327(a).

8. To the best of the Trustee's and LAR's knowledge, LAR is disinterested within the meaning of Section 101(14) of the Bankruptcy Code due to the fact that LAR and its members:

    (a) are not creditors or insiders of the Debtor;

    (b) are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor as specified in subparagraph (c) of 11 U.S.C. § 101(14);

    (c) do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein.

9. LAR has reviewed the Debtor's petition and believes LAR does not represent or otherwise have other connections with any persons or entities in this case.

10. The Trustee does not believe LAR represents any interest adverse to the Trustee or the bankruptcy estate, and the Trustee has concluded that LAR's employment would be in the best interests of the estate.

11. Pursuant to FRBP 2014, this application and the accompanying *Declaration of Stephen B. Sokolow* set forth LAR's connections (if any) with the Debtor, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

12. The Trustee and LAR will supplement these disclosures in the event further connections are discovered regarding persons or entities that later become identified as parties in interest in this case.

13. LAR is aware of the provisions of 11 U.S.C. §328 and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

improvident in light of developments not anticipated at the time of the fixing of such terms and conditions.

14. With the exception of the Collection Fee, no promises have been received by LAR or any associate of LAR as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, FRBP, the Local Rules, and orders of the Court. LAR has no agreement with any other entity to share with such entity any compensation received by LAR except as permitted under Section 504(b)(1).

## EMPLOYMENT OF PROFESSIONALS BY TRUSTEE

11 U.S.C. §327(a) states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

## CONCLUSION

For the reasons set forth above, the Trustee requests authorization (1) to employ LEGACY ASSET RECOVERY, LLC, upon the terms set forth herein, (2) to sign any documents reasonably necessary to facilitate the recovery of said funds, and (3) to pay LEGACY ASSET RECOVERY, LLC, a contingency fee of 25% of the gross value of any assets recovered, plus reimbursement of reasonable costs associated with the retrieval of the funds, from the recovered funds.

DATED: July 8, 2015.

Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Proposed Attorneys for Yvette Weinstein, Trustee*

# EXHIBIT "1"

## Asset Recovery Agreement

Yvette Weinstein, Chapter 7 Trustee ("BC")

Legacy Asset Recovery LLC., Asset Recovery Specialist, ("ARS")

Claimant agrees to the following terms and conditions regarding the recovery of monies the court is due:

1. BC enlists the help of ARS for the recovery of monies due court.

2. Amount of monies held $25,439.01

   This will be disbursed as follows: BC is to receive 75% of the gross monies recovered ARS is to receive 25% of the gross monies recovered ARS is to be paid from BC after BC receives funds and they have cleared BC's account.

3. BC is responsible for all costs associated with the retrieval of the funds from the court where these funds are held.

4. Bankruptcy case 11-20570, debtor Chrislin Miley

5. Court reference number 11-20570-mkn

Upon receipt of BC representative signature, full case information – court location, source of funds, etc., will be provided

Signed _____     Dated _____

Printed name of BC representative _____

Title of BC representative _____