UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: MILEY, CHRISLIN LEHUA § Case No. 11-20570-MKN §| |
| WOHLHART, CHRISLIN L. § | |
| Debtor(s) § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

 1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 01, 2011.  The undersigned trustee was appointed on July 01, 2011.

 2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

 3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554*.*  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

 4. The trustee realized the gross receipts of         $         24,011.51

| Funds were disbursed in the following amounts: | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 6,359.78 |
| Bank service fees | 143.23 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]    $ | 17,508.50 |

The remaining funds are available for distribution.

 5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

 [1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 05/17/2016 and the deadline for filing governmental claims was 12/28/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,512.10. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,512.10, for a total compensation of $2,512.10.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $79.61, for total expenses of $79.61.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/11/2017        By: /s/YVETTE WEINSTEIN, TRUSTEE
                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

Page: 1

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-20570-MKN  
**Case Name:** MILEY, CHRISLIN LEHUA  

**Period Ending:** 04/11/17

**Trustee:** (480160) YVETTE WEINSTEIN, TRUSTEE  
**Filed (f) or Converted (c):** 07/01/11 (f)  
**§341(a) Meeting Date:** 08/03/11  
**Claims Bar Date:** 05/17/16

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| 1 | Former residence 890 Stainglass, Las Vegas, NV 8<br>Stay Lifted 10/14/11 Doc 21<br>Imported from original petition Doc# 1 | 34,000.00 | 0.00 | | 0.00 | FA |
| 2 | Checking and savings account, America First Cred<br>Imported from original petition Doc# 1 | 246.00 | 0.00 | | 0.00 | FA |
| 3 | misc. household goods, electronics, furnishings<br>Imported from original petition Doc# 1 | 2,000.00 | 0.00 | | 0.00 | FA |
| 4 | personal clothing<br>Imported from original petition Doc# 1 | 750.00 | 0.00 | | 0.00 | FA |
| 5 | Jewelry<br>Imported from original petition Doc# 1 | 1,200.00 | 0.00 | | 0.00 | FA |
| 6 | Debtor has a term life insurance policy with no<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 7 | 2005 Saturn Vue, paid off.<br>Imported from original petition Doc# 1 | 6,000.00 | 0.00 | | 0.00 | FA |
| 8 | funds held in County Assessor's office (u)<br>7/2/15: Trustee will get this<br>collection company employed<br>to pursue these unclaimed funds<br>6/29/15: trustee re apppointed<br>see DKT 27-29<br>trustee will get Asset Recovery<br>appointed to pursue funds held by Clark County<br>Assessor's office | 0.00 | 20,000.00 | | 24,011.51 | FA |
| 8 Assets | Totals (Excluding unknown values) | **$44,196.00** | **$20,000.00** | | **$24,011.51** | **$0.00** |

**Major Activities Affecting Case Closing:**

  02/28/17  Attorney fee application hearing is 03/29/17  2:30 PM
  12/8/16: advised Jason Imes to prepare his final fee application and will be prepared by December 31, 2016
  12/7/16: e-filed exparte motion to appoint and pay Paul Healey to UST for approval; will then e-file with the court
  12/6/16: reviewed and mailed to IRS estates' final tax return; willl prepare ex parte application to pay Paul Healey and Order thereon; will await letter from IRS approving the estate's final estate tax return prior to filing TFR which should be accomplished approximately 2/28/17---claims review has been started
  10/27/16 mailed check to Legacy Asset Recovery per court order DKT 46
  10/13/16  received check from Clark County and emailed documents to Healey for tax return preparation

Printed: 04/11/2017 11:21 AM    V.13.30

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-20570-MKN  
**Case Name:** MILEY, CHRISLIN LEHUA  

**Trustee:** (480160) YVETTE WEINSTEIN, TRUSTEE  
**Filed (f) or Converted (c):** 07/01/11 (f)  
**§341(a) Meeting Date:** 08/03/11  

**Period Ending:** 04/11/17  

**Claims Bar Date:** 05/17/16

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

7/19/16: w-9 prepared and sent to County Assessor's office and will get notarized release of funds sent to assessor's office; may be dispute with debtor although the Assessor's office per letter dated 7/6/16 indicates

that the assessor has honored claim of bankruptcy estate- advised by counsel Jason Imes to wait 90 days before send final paperwork to county assessor's office indicates that it has received competing claims for funds from

Republic Services and debtor but the County Assessor's proposed to pay zero to them and 100% to bankruptcy estate.

1/5/16: All documents have been received by Clark County Assessor's office and in waiting mode of one year period which all claims must be filed with Assessor's office by other parties--Claim of

Bankruptcy Estate was first claim into assessor's office requesting funds--may do a motion for turnover if the delay takes too long in getting the funds. (excess proceeds from tax sale )

12/31/15: requested status report on funds from Legacy Asset Recovery on obtaining funds from County Assessor's office (Clark County)

11/15/15: reviewed and signed documentation needed to get claim funds from County Assessor's office and filed with County Assessor's office

9/15/15: Legacy Asset Recover filed trustee's claim with County Assessor's office per review of County Assessor's roll

9/14/15 Legacy: Asset Recovery Appointed to pursue tax claim funds with County Assessor's office DKT 43 and 44

8/4/15: Schwartzer & McPherson appointed as general counsel for trustee DKT 32

7/2/15:  The trustee has been re appointed by the United States Trustee's office, See dkt.27-29 and trustee's attorney will get collection expert appointed to collect fees held by Clark Co. Assessor's office

and trustee was reappointed on 6/29/15.  Trustee's attorney will get collection expert appointed to pursue these funds.

Assessor's office (after relief of stay completed) these are unclaimed funds held by County Assessor--there is no homestead on this asset which was debtor's former residence.

6/3/15: will file motion to reopen case in order to obtain funds held by County Assessor's office, and asked Jason Imes to get appointed for trustee

**Initial Projected Date Of Final Report (TFR):** December 15, 2017  
**Current Projected Date Of Final Report (TFR):** December 15, 2017

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 11-20570-MKN
**Case Name:** MILEY, CHRISLIN LEHUA

**Taxpayer ID #:** **-***9060
**Period Ending:** 04/11/17

**Trustee:** YVETTE WEINSTEIN, TRUSTEE (480160)
**Bank Name:** Rabobank, N.A.
**Account:** ******4166 - Checking Account
**Blanket Bond:** $36,953,936.00   (per case limit)
**Separate Bond:** N/A

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 10/13/16 | {8} | Clark County Nevada / Miley | Funds Held in County Assessor's Office - Surplus Funds per Order 09/08/15  Doc 43 | 1229-000 | 24,011.51 | | 24,011.51 |
| 10/27/16 | 101 | Legacy Asset Recovery, LLC<br>2320 South Twyckenham Dr.<br>South Bend, IN 46614 | Recovery Fee per Order 09/08/15  Doc 43 | 3991-000 | | 6,002.87 | 18,008.64 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 12.62 | 17,996.02 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 28.39 | 17,967.63 |
| 12/15/16 | 102 | PAUL M. HEALEY, CPA<br>3263 E. WARM SPRINGS RD.<br>LAS VEGAS, NV 89120 | Accountant Fees per Order 12/13/16  Doc 54 | 3410-000 | | 350.00 | 17,617.63 |
| 12/22/16 | 103 | INTERNATIONAL SURETIES LTD.<br>SUITE 420<br>701 POYDRAS ST, STE. 420<br>NEW ORLEANS, LA 70139 | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 12/22/2016 FOR CASE #11-20570, Bond # 016048576 | 2300-000 | | 6.91 | 17,610.72 |
| 12/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 25.63 | 17,585.09 |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 26.97 | 17,558.12 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 23.57 | 17,534.55 |
| 03/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 26.05 | 17,508.50 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | | 24,011.51 | 6,503.01 | **$17,508.50** |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | 24,011.51 | 6,503.01 | |
| Less: Payments to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | **$24,011.51** | **$6,503.01** | |

Net Receipts :           24,011.51
Net Estate :          $24,011.51

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******4166** | 24,011.51 | 6,503.01 | 17,508.50 |
| | $24,011.51 | $6,503.01 | $17,508.50 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** May 17, 2016

**Case Number:** 11-20570-MKN  
**Debtor Name:** MILEY, CHRISLIN LEHUA

Page: 1

**Date:** April 11, 2017  
**Time:** 11:23:56 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | YVETTE WEINSTEIN, TRUSTEE<br>6450 SPRING MOUNTAIN RD., #14<br>LAS VEGAS, NV 89146 | Admin Ch. 7 | | $79.61 | $0.00 | 79.61 |
| 200 | YVETTE WEINSTEIN, TRUSTEE<br>6450 SPRING MOUNTAIN RD., #14<br>LAS VEGAS, NV 89146 | Admin Ch. 7 | [Updated by Surplus to Debtor Report based on Net Estate Value: 17621.02] | $2,512.10 | $0.00 | 2,512.10 |
| ADMIN 200 | SCHWARTZER & MCPHERSON LAW FIRM<br>2850 SOUTH JONES BLVD, SUITE 1<br>LAS VEGAS, NV 89146 | Admin Ch. 7 | LEGAL FEES PER ORDER 03/31/17  DOC 59 | $6,017.50 | $0.00 | 6,017.50 |
| ADMIN 200 | SCHWARTZER & MCPHERSON LAW FIRM<br>2850 SOUTH JONES BLVD, SUITE 1<br>LAS VEGAS, NV 89146 | Admin Ch. 7 | LEGAL COSTS PER ORDER 03/31/17  DOC 59 | $88.80 | $0.00 | 88.80 |
| 2 100 | DESERT SANDS VILLAS HOA<br>C/O NEVADA ASSOCIATION SERVICES, INC.<br>6224 WEST DESERT INN ROAD<br>LAS VEGAS, NV 89146 | Secured | N64211<br>Creditor Secured by Real Property.   Creditor does not show outstanding balance owed. | $0.00 | $0.00 | 0.00 |
| 1 610 | UMC<br>1800 West Charleston Blvd.<br>Las Vegas, NV 89102 | Unsecured | 67076612   67732420<br>Reviewed & allowed as filed<br>--------------------------------------------------------------------------------<br>01/03/2017 10:52:38 AM Schedule F Amount $2,000.00 imported by JOANNE<br>Schedule F Owner Type:<br>Schedule F Description:<br>2010<br>Medical<br>- | $1,806.91 | $0.00 | 1,806.91 |
| 3 620 | VALLEY HOSPITAL MEDICAL CENTER<br>THE VALLEY HEALTH SYSTEM<br>8801 W. SAHARA AVE.<br>LAS VEGAS, NV 89117 | Unsecured | 3511<br>Reviewed & allowed as filed<br>--------------------------------------------------------------------------------<br>01/03/2017 10:52:38 AM Schedule F Amount $3,000.00 imported by JOANNE<br>Schedule F Owner Type:<br>Schedule F Description:<br>2009<br>Medical<br>- | $586.78 | $0.00 | 586.78 |
| 1I 640 | UMC<br>1800 West Charleston Blvd.<br>Las Vegas, NV 89102 | Unsecured | 67076612   67732420 | $19.86 | $0.00 | 19.86 |
| 3I 640 | VALLEY HOSPITAL MEDICAL CENTER<br>THE VALLEY HEALTH SYSTEM<br>8801 W. SAHARA AVE.<br>LAS VEGAS, NV 89117 | Unsecured | 3511 | $6.45 | $0.00 | 6.45 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** May 17, 2016

**Case Number:** 11-20570-MKN   Page: 2   **Date:** April 11, 2017
**Debtor Name:** MILEY, CHRISLIN LEHUA       **Time:** 11:23:56 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| SURPLUS 650 | MILEY, CHRISLIN LEHUA<br>6501 W. CHARLESTON APT 237<br>LAS VEGAS, NV 89146 | Unsecured | | $6,390.49 | $0.00 | 6,390.49 |
| << Totals >> | | | | 17,508.50 | 0.00 | 17,508.50 |

**TRUSTEE'S PROPOSED DISTRIBUTION**                     Exhibit D

Case No.: 11-20570-MKN
Case Name: MILEY, CHRISLIN LEHUA
Trustee Name: YVETTE WEINSTEIN, TRUSTEE

**Balance on hand:**                     $ 17,508.50

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | DESERT SANDS VILLAS HOA | 3,634.33 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:    $    0.00
Remaining balance:                          $ 17,508.50

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - YVETTE WEINSTEIN, TRUSTEE | 2,512.10 | 0.00 | 2,512.10 |
| Trustee, Expenses - YVETTE WEINSTEIN, TRUSTEE | 79.61 | 0.00 | 79.61 |
| Attorney for Trustee, Fees - SCHWARTZER & MCPHERSON LAW FIRM | 6,017.50 | 0.00 | 6,017.50 |
| Attorney for Trustee, Expenses - SCHWARTZER & MCPHERSON LAW FIRM | 88.80 | 0.00 | 88.80 |

Total to be paid for chapter 7 administration expenses:    $ 8,698.01
Remaining balance:                                          $ 8,810.49

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:    $    0.00
Remaining balance:                                              $ 8,810.49

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 8,810.49 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,806.91 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | UMC | 1,806.91 | 0.00 | 1,806.91 |

|  | Total to be paid for timely general unsecured claims: | $ | 1,806.91 |
|---|---|---|---|
|  | Remaining balance: | $ | 7,003.58 |

Tardily filed claims of general (unsecured) creditors totaling $ 586.78 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | VALLEY HOSPITAL MEDICAL CENTER | 586.78 | 0.00 | 586.78 |

|  | Total to be paid for tardy general unsecured claims: | $ | 586.78 |
|---|---|---|---|
|  | Remaining balance: | $ | 6,416.80 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 6,416.80

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.2% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $26.31. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 6,390.49.

**UST Form 101-7-TFR (05/1/2011)**